UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DAMON ELLIOTT
    Plaintiff,

v.   Civil Action No. 06-0240 (JDB)

UNITED STATES
DEPARTMENT OF AGRICULTURE,
    Defendant.

FACTUAL AND PROCEDURAL BACKGROUND

  On August 29, 1997, Plaintiff was convicted of the accusation of committing a federal crime in Building 22 said to be located on/within the Beltsville Agriculture Research Center (B.A.R.C.) in Beltsville, MD.

  The Government Witness, Pamela Ann Cochran, an employee of the U.S. Department of Agriculture testified in

Plaintiff criminal trial (97-053 P.J.M.) "that Building 22 fall within the boundary of the B.A.R.C. and is the property of the United States Department of Agriculture," and this is one of our residence.

## VERIFIED COMPLAINT

This Freedom Of Information Act suit challenges the denial by the Defendant of a request by the Plaintiff for copies of certain documents -- known as "blueprints".

The agency decision was claimed to be based on section 552(b)(2) of the F.O.I.A., under which information "related solely to the internal personnel rules and practices of an agency" is exempt from disclosure.

There are three key words in this short description of exempted material: "solely", "internal", and "personnel". The word "solely"

emphasizes the limited scope of Exemption 2. The word "internal" refer to those rules and practices that concern relations among the employees of an agency, and The word "personnel" relates to pay, pensions, vacations, hours of work, lunch hours, and parking.

The court below analyzed the case under the two-prong test applied to claims for (b)(2) exemptions in Crooker v. Bureau of Alcohol, Tobacco and Firearms, <u>216 U.S. App. D.C. 232 670 F.2d 1051</u>, 1074 (D.C. Cir. 1981) (en banc).

## ARGUMENT
### Justification for disclosure under the Act

Accordingly, after examining the language of exemption 2, we will turn to its legislative history to determine the underlying congressional intent.

In Jordan v. United States Department

of Justice, <u>192 U.S. App. D.C. 144, 591 F.2d 753</u>, 763 (D.C. Cir. 1978) (en banc), this court held that the phrase "personnel rules and practices" in Exemption 2 refers only to "pay, pensions, vacations, hours of work, lunch hours, and parking". see also Administrative Law § 64 and S. Rep No. 813, p. 8, 89 Cong., 1st Sess. (1965-10-4).

The disclosure of blueprints does not fit in the above category under the Acts exemption (5 U.S.C. § 552 (b)(2).

"First, the material withheld should fall within the terms of the statutory language." <u>Founding Church of Scientology, Wash. D.C. v. Smith, 232 U.S. App. D.C. 167, 721 F.2d 828</u> n. 4 (D.C. Cir. 1983).

And in conclusion, The language of .... Exemption (b)(2).... would appear not to envision a request such as Plaintiff's, and his remedy remain the same.

Damon Elliott

4.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DAMON ELLIOTT
　　Plaintiff,

v.　　　　　　　　　　　　　Civil Action No. 06-0240(JDB)

UNITED STATES
DEPARTMENT OF AGRICULTURE
　　Defendant.

## STATEMENT OF MATERIAL FACTS

　Plaintiff pro se is an inmate in the Federal Correctional Institution at Coleman Florida. Complaint at Caption.
　In 1997, in the U.S. District Court for the District of Maryland, plaintiff was convicted of attempted aggravated sexual assault in violation of 18 U.S.C. § 2241 and was sentenced to 189 months imprisonment.

On December 20, 2005, Plaintiff made a F.O.I.A. request that was address to the Defendant, for blue prints.

On December 29, 2005, the Defendant denied Plaintiff F.O.I.A. request and pointed to: 5 U.S.C. § 552 (b)(2).

On January 9, 2006, Plaintiff appeal Defendant decision to: Administrator, 14TH AND Independence Ave., S.W. Washington D.C. 20250.

On October 9, 2006, Plaintiff first time noticing of the Administrator responce is when the Attoney for the Defendant attached it to its Exhibit A with its Motion for Summary Judgment.

Plaintiff verify this Complaint under the statutory substitute for the taking of an oath, declaring under penalty of perjury that the foreging is true and correct.

*Damon Elliott*
executed on 10-20-06

2 of 2

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of October, 2006, a copy of the foregoing was served by First-Class mail, postage prepaid to:

Charlotte A. Abel
Assistant U.S. Attorney
555 Fourth St., N.W.
Washington, D.C. 20530

Respectfully submitted,

Damon Elliott
F.C.C. U.S.P.
P.O. Box 1034
Coleman, Fl. 33521