UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAMON ELLIOTT, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES DEPARTMENT OF )<br>AGRICULTURE, )<br>)<br>Defendant. )<br>_____) | Civil Action No. 06-0240 (JDB) |

**DEFENDANT'S REPLY TO OPPOSITION
TO MOTION FOR SUMMARY JUDGMENT**

Defendant submits the following reply to plaintiff's Opposition to defendants's Motion for Summary Judgment in this Freedom of Information Act (FOIA) civil action.  Defendant's motion demonstrated that plaintiff's FOIA request for blueprints of all buildings at the Beltsville Agricultural Research Center (BARC), Agricultural Research Service (ARS), United States Department of Agriculture (USDA), was properly denied under Exemption 2 of the FOIA, 5 U.S.C. 552(b)(2), which allows withholding of records theat involve the "internal personnel rules and practices" of the agency.  USDA asserted that the release of these blueprints, which involve the internal practices of the agency, would compromise the security of BARC, a research facility that stores and works with potentially dangerous biological and chemical agents.  As demonstrated below, plaintiff has failed to rebut the arguments set out by defendant in its Motion.

In the Opposition, plaintiff argued that the blueprints were not properly subject to Exemption 2. He cited three decisions to support this argument. None of these decisions support that argument, nor do any of the decisions concern building blueprints. They address general principles of FOIA law and, read together, do not support plaintiff's argument. For instance, in the third case cited by plaintiff, Founding Church of Scientology v. Smith, 721 F.2d 828 (D.C. Cir 1983), the court held that sensitive administrative notations of a message from an American official in Havana to the FBI could be withheld from disclosure, even if the contents of the message were disclosed. This in no way supports plaintiff's argument.

In one decision cited by plaintiff, Jordan v. United States Department of Justice, 591 F.2d 753 (D.C. Cir. 1978)(en banc), the court did hold that Exemption 2 should be interpreted narrowly to apply only to internal personnel rules and internal personnel practices, so as to limit the scope of Exemption 2 to personnel matters such as pay, leave, and work hours. However, the narrow scope of Exemption 2 set out in the Jordan decision is no longer the law because in another decision cited by plaintiff, Crooker v. Bureau of Alcohol, Tobacco, and Firearms, 670 F.2d 1051 (D.C. Cir. 1981)(en banc), the court effectively overruled the Jordan decision and revised its interpretation of Exemption 2. The court broadened the scope of the exemption to apply to records related to internal practices of an agency that were predominantly internal and whose release would risk circumvention of law enforcement. Since that time, Exemption 2 has been held repeatedly to allow the withholding of records other than personnel records. These withholdings include claims-processing guidelines that could be used by requesters to avoid audits, as in Dirksen v. HHS, 803 F.2d 1456 (9th Cir. 1986); and information related to the

security of the Supreme Court building as in <u>Voinche v. FBI</u>, 940 F.Supp. 323 (D.D.C. 1993), <u>aff. per curiam</u> No. 96-5304, (D.C. Cir. 1997.

## **CONCLUSION**

The defendant has demonstrated that the USDA properly responded to Plaintiff's FOIA request and that no information was improperly withheld. Accordingly, the Court should grant defendant's motion for summary judgment.

      /s/
JEFFERY A. TAYLOR, D.C. Bar # 498610
United States Attorney

      /s/
RUDOLPH CONTRERAS, D.C. Bar # 434122
United States Attorney

      /s/
CHARLOTTE A. ABEL, D.C. Bar # 388582
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 307-2332