UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAMON ELLIOTT,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES DEPARTMENT OF AGRICULTURE,<br><br>    Defendant. | Civil Action No.  06-240 (JDB) |

MEMORANDUM OPINION

This matter is before the Court on defendant's motion for summary judgment.[1]  Having considered the motion, plaintiff's opposition, and the record of this case, the Court will grant the motion in part, and deny the motion in part.

I.  BACKGROUND

Plaintiff alleges that he submitted a request for information to the United States Department of Agriculture ("USDA") under the Freedom of Information Act ("FOIA"), *see* 5 U.S.C. § 552.  Compl. at 1.  Review of the record reflects that plaintiff submitted several FOIA requests to various officials seeking blueprints for all buildings within the USDA's Beltsville Agricultural Research Center ("BARC"), and, more specifically, blueprints for Building 022, a

---

[1]   Also before the Court is plaintiff's cross-motion for summary judgment.  The Court will deny plaintiff's motion because it does not comply with the local rules of this Court.  Plaintiff provides neither a statement of points and authorities, a proposed order, nor a statement of material facts as to which he contends there is no genuine issue, all of which are required under Local Civil Rules 7(a), 7(c) and 7(h).

residence within BARC. *See* Memorandum of Points and Authorities in Support of the United States Department of Agriculture's Motion for Summary Judgment ("Def.'s Mot."), Declaration of Stasia A.M. Hutchison ("Hutchison Decl."), ¶¶ 3, 10, 12 & Ex. A (FOIA Requests).

Plaintiff's FOIA requests were forwarded to the USDA's Agricultural Research Service ("ARS"). Hutchison Decl. ¶¶ 3, 10. By letter dated December 29, 2005, the ARS denied plaintiff's request for blueprints of all buildings on the BARC. Compl., Ex. 1 (December 29, 2005 letter from S.A.M. Hutchison, Freedom of Information Act Coordinator, ARS) (exhibit number designated by the Court). Although a search yielded blueprints for 375 buildings, the USDA withheld them all under Exemption 2. Hutchison Decl. ¶ 7. In a separate letter on that same date, defendant notified plaintiff that no records responsive to his request for blueprints of Building 022 were located. Compl., Ex. 2 (second December 29, 2005 letter from S.A.M. Hutchison) (exhibit number designated by the Court). Both of these determinations were upheld on administrative appeal. *See* Hutchison Decl., ¶¶ 9, 18 & Ex. A (February 8, 2006 letter from S. Hutchison and March 1, 2006 letter from A. Betschart, Acting Administrator, ARS).

In this action, plaintiff demands disclosure of all the requested records. Compl. at 2.

## II.  DISCUSSION

### *A. Summary Judgment Standard*

The Court grants a motion for summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the burden of demonstrating the absence of any genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

Factual assertions in the moving party's affidavits may be accepted as true, unless the opposing party submits his own affidavits or documentary evidence that contradict the movant's assertions. *Neal v. Kelly*, 963 F.2d 453, 456 (D.C. Cir. 1992) (citing *Lewis v. Faulkner*, 689 F.2d 100, 102 (7th Cir. 1982)).

To obtain summary judgment in a FOIA action, an agency must show, viewing the facts in the light most favorable to the requester, that there is no genuine issue of material fact with regard to the agency's compliance with the FOIA. *Steinberg v. United States Dep't of Justice*, 23 F.3d 548, 551 (D.C. Cir. 1994) (citing *Weisberg v. United States Dep't of Justice*, 745 F.2d 1476, 1485 (D.C. Cir. 1984), *reh'g denied*, 763 F.2d 1436 (D.C. Cir. 1985)). The Court may award summary judgment based solely upon the information provided in affidavits or declarations when the affidavits or declarations describe "the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith."[2] *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981). Such affidavits or declarations "are accorded a presumption of good faith, which cannot be rebutted by 'purely speculative claims about the existence and discoverability of other documents.'" *SafeCard Servs., Inc. v. Sec. & Exch. Comm'n*, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (quoting *Ground Saucer Watch, Inc. v. Central Intelligence Agency*, 692 F.2d 770, 771 (D.C. Cir. 1981)).

---

[2] In support of its motion, defendant submits the declarations of Stasia A.M. Hutchison and Daniel L. Thessen. Ms. Hutchison is the FOIA Officer for the USDA's Agricultural Research Service. Hutchison Decl. ¶ 1. She is responsible for "administering the FOIA [] for the Research, Education, and Economic ("REE") agencies of the USDA. *Id.* In her official capacity, she reviews and processes FOIA requests and appeals, and is familiar with the organizational structure and functions of the REE agencies, including ARS. *Id.* Mr. Thessen is the Physical Security Officer for the ARS' Beltsville Area. Thessen Decl. ¶ 1.

*B. Exhaustion of Administrative Remedies*

A plaintiff "may generally seek judicial review of his FOIA request only after he has exhausted all administrative remedies." *Pollack v. Dep't of Justice*, 49 F.3d 115, 118 (4th Cir. 1995); *Oglesby v. United States Dep't of the Army*, 920 F.2d 57, 61-62 (D.C. Cir. 1990). A FOIA suit is subject to dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure if a plaintiff fails to exhaust his administrative remedies prior to initiating a lawsuit. *Hidalgo v. Fed. Bureau of Investigation*, 344 F.3d 1256, 1260 (D.C. Cir. 2003) (remanding with instruction for district court to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to exhaust); *see Dettmann v. United States Dep't of Justice*, 802 F.2d 1472, 1477 (D.C. Cir. 1986). However, the District of Columbia Circuit instructs that, while exhaustion is "a jurisprudential doctrine, [and] failure to exhaust precludes judicial review," it is not a jurisdictional barrier to such review. *Hidalgo*, 344 F.3d at 1258. The Court can address the merits of a case notwithstanding a plaintiff's failure to exhaust if it determines that the purposes and policies underlying the exhaustion requirement would not be undermined by reaching the merits of the case. *See Wilbur v. Central Intelligence Agency*, 355 F.3d 675, 677 (D.C. Cir. 2004) (per curiam) (concluding that policies underlying the exhaustion requirement were served where requester pursued administrative review process four years late, and agency accepted, processed and issued final decision on appeal)

FOIA requires that an agency "make a determination with respect to any appeal within twenty days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of such appeal." 5 U.S.C. § 552(a)(6)(A)(ii); 7 C.F.R. § 1.14(c) (requiring notification to requester of USDA's determination on appeal within 20 working days excepting weekends and holidays). The date of receipt of an appeal is "the date it is received in the agency and office responsible for

the administrative processing" of the appeal. 7 C.F.R. § 1.13.

The ARS received both plaintiff's January 4, 2006 appeal of the denial of his request for blueprints of all BARC buildings and his January 9, 2006 appeal of the denial of his request for blueprints of Building 022 on January 23, 2006. Hutchison Decl. ¶¶ 8, 14 & Ex. A (1-4-06 and 1-9-06 FOIA Appeals). Twenty days from receipt of plaintiff's appeals, excluding Saturdays, Sundays and public holidays, fell on March 20, 2006. However, plaintiff filed the instant civil action on January 23, 2006.[3] *See* Compl. at 1. The 20-day period for the ARS' response had not expired when plaintiff filed the instant complaint. At the time plaintiff filed this action, therefore, he had not exhausted his administrative remedies.

Notwithstanding plaintiff's failure to exhaust his administrative remedies prior to initiating this lawsuit, the Court will deny defendant's motion to dismiss on this ground. In this case, defendant has had "an opportunity to exercise its discretion and expertise on the matter," *Oglesby*, 920 F.2d at 61, and the record includes these determinations. *See* Hutchison Decl., Ex. A. The Court concludes that consideration of the merits neither interferes with agency processes nor undermines the purposes of exhaustion in any other way. *See Hidalgo*, 344 F.3d at 1259.

### C. Adequacy of Search

"An agency fulfills its obligations under FOIA if it can demonstrate beyond material doubt that its search was 'reasonably calculated to uncover all relevant documents.'" *Valencia-Lucena v. United States Coast Guard*, 180 F.3d 321, 325 (D.C. Cir. 1999) (quoting *Truitt v.*

---

[3] Plaintiff submitted both his complaint and application to proceed *in forma pauperis* on January 23, 2006. The Court approved plaintiff's *in forma pauperis* application on January 30, 2006, and the Clerk of Court entered these items officially on the Court's electronic docket on February 10, 2006.

*Dep't of State*, 897 F.2d 540, 542 (D.C. Cir. 1990)); *see Campbell v. United States Dep't of Justice*, 164 F.3d 20, 27 (D.C. Cir. 1998) (FOIA requires agency to conduct search using methods reasonably expected to produce requested information). The agency bears the burden of showing that its search was calculated to uncover all relevant documents. *Steinberg*, 23 F.3d at 551. To meet its burden, the agency may submit affidavits or declarations that explain in reasonable detail the scope and method of the agency's search. *Perry v. Block*, 684 F.2d 121, 126 (D.C. Cir. 1982). In the absence of contrary evidence, such affidavits or declarations are sufficient to demonstrate an agency's compliance with the FOIA. *Id*. at 127. If the record "leaves substantial doubt as to the sufficiency of the search, summary judgment for the agency is not proper." *Truitt*, 897 F.2d at 542.

In response to plaintiff's FOIA requests, ARS staff conducted searches for responsive records in December 2005 and in August 2006. *See* Hutchison Decl. ¶¶ 4-5, 11-12; Bynum Decl. ¶ 5; Taylor Decl. I ¶ 5; Taylor Decl. II ¶ 5; Joyner Decl. ¶ 5.[4]

Defendant's Research Facilities Solutions, Engineering and Construction Branch ("ECB"), among other duties, is responsible for preparing plans and specifications for constructing laboratories, other buildings and structures, and for renovating, maintaining and repairing various facilities. Taylor Decl. I ¶ 2. ECB maintains its records "by building location and building number, in both hard copy drawings and electronic drawings." *Id*. ¶ 3. For example, hard copy records for Buildings 001-099 are filed under "Area 0." *Id*. ¶ 4. Hard copy drawings include "building floor plans, utility plans, preliminary construction plans, as-built

---

[4] The declarations of Lisa M. Bynum, Arlin Taylor, and Claudette L. Joyner were submitted on January 17, 2007 as supplements to defendant's motion for summary judgment in accordance with the Court's November 30, 2006 Order.

drawings, and blueprints." *Id.*  Defendant maintains "blueprints for 375 buildings constructed within BARC." Hutchison Decl. ¶ 7.  Electronic drawings include computer-aided design drawings and scanned copies of most of ECB's hard copy records.  Taylor Decl. I ¶ 3.

An Engineering Draftsman at ECB conducted two searches for records pertaining to Building 022 on December 8, 2005 and August 28, 2006.  Taylor Decl. I ¶ 5; Taylor Decl. II ¶ 5. He consulted the Drafting Room File Manual, searched through six hard copy file containers and scanned the entire electronic archives.  Taylor Decl. I ¶ 5; Taylor Decl. II ¶ 5.  Although he "found numerous blueprints for buildings at BARC[, he] found no blueprints for Building 022 at BARC."  Taylor Decl. II ¶ 5.

ARS' Real Property Section maintains "records of acquisitions and dispositions; land deeds; a master plan containing information on buildings, structures and land; historic site surveys; building blueprints; building as-built drawings; records of maintenance/improvements related to buildings, structures and land on BARC, and a boundary survey."  Bynum Decl. ¶ 3. Hard copies of blueprints are kept in filing cabinets in the primary Real Property Office.  *Id.* ¶¶ 3-4.  A Real Property Specialist manually searched the filing cabinets containing blueprints, as-built drawings and other land records on December 23, 2005.  *Id.* ¶ 5.  In addition, she "searched records for the BARC Historical Site Survey, which consist of several bound books, to determine if any information was included regarding Building 022 on BARC."  *Id.*  Although she located "several blueprints for buildings at BARC[, she] found no blueprints for Building 022 at BARC." *Id.* ¶ 6.  A second search of these same records on August 29, 2006 yielded no blueprints for Building 022.  Joyner Decl. ¶¶ 5-6.

Having reviewed defendant's motion and supporting declarations, the Court concludes

that its searches were "reasonably calculated to uncover all relevant documents." *Valencia-Lucena*, 180 F.3d at 325. These declarations "are accorded a presumption of good faith, which cannot be rebutted by purely speculative claims about the existence and discoverability of other documents." *SafeCard Servs., Inc.*, 926 F.2d at 1200 (internal quotation marks and citation omitted). The fact that ARS did not locate blueprints for Building 022 at BARC is not dispositive. An agency's search is not presumed unreasonable because it fails to find all the requested information. *See Steinberg*, 23 F.3d at 551 (the question is not "whether there might exist any other documents possibly responsive to the request, but rather whether the search for those documents was adequate"); *see also Meeropol v. Meese*, 790 F.2d 942, 952-53 (D.C. Cir. 1986). Furthermore, plaintiff fails to meet his evidentiary burden in challenging the adequacy of the searches. He must present evidence rebutting the agency's initial showing of a good faith search, and he utterly fails to do so here. *See Maynard v. Central Intelligence Agency*, 986 F.2d 547, 560 (1st Cir. 1993); *Weisberg v. United States Dep't of Justice*, 705 F.2d 1344, 1351-52 (D.C. Cir. 1983).

### D. Exemption 2

Exemption 2 protects materials that are "related solely to the internal personnel rules and practices of an agency." 5 U.S.C. § 552(b)(2). Information is exempt under Exemption 2 if it meets two criteria. First, the information must be "used for predominantly internal purposes." *Crooker v. Bureau of Alcohol, Tobacco and Firearms*, 670 F.2d 1051, 1074 (D.C. Cir. 1981) (en banc); *see Nat'l Treasury Employees Union v. United States Customs Serv.*, 802 F.2d 525, 528 (D.C. Cir. 1985). Second, the agency must show either that "disclosure may risk circumvention of agency regulation," or that "the material relates to trivial administrative matters of no genuine

public interest." *Schwaner v. Dep't of the Air Force*, 898 F.2d 793, 794 (D.C. Cir. 1990) (citations omitted). "Predominantly internal documents the disclosure of which would risk circumvention of agency statutes are protected by the so-called 'high 2' exemption." *Schiller v. Nat'l Labor Relations Bd.*, 964 F.2d 1205, 1207 (D.C. Cir. 1992). "High 2" exempt information is "not limited . . . to situations where penal or enforcement statutes could be circumvented." *Id.* at 1208.

Plaintiff argues that "[t]he language of Exemption (b)(2) would appear not to envision a request such as Plaintiff's" for blueprints. Pl.'s Opp'n at 4.[5] Relying on the District of Columbia Circuit's opinion in *Jordan v. United States Dep't of Justice*, 591 F.2d 753 (D.C. Cir. 1978) (en banc), plaintiff asserts that Exemption 2 protects only such matters as pay, pensions, vacations, work hours and parking. *Id.* at 3-4. The Circuit since has expanded its interpretation of the phrase "personnel rules and practices" to include not only "minor employment matters" but also "other rules and practices governing agency personnel." *Crooker*, 670 F.2d at 1056. The "information need not actually *be* 'rules and practices' to qualify under exemption 2, as the statute provides that matter 'related' to rules and practices is also exempt." *Schwaner*, 898 F.2d at 795 (emphasis in original).

Although blueprints might fall within this expanded scope of Exemption 2, neither defendant's motion nor supporting declarations establish that blueprints are used for predominantly internal purposes. Based on the current record, the Court cannot conclude that the requested records meet the "predominant internality" test, and, therefore, cannot determine

---

[5] The Court construes the document titled "Factual and Procedural Background" [Dkt. #20] as plaintiff's opposition ("Pl.'s Opp'n") to defendant's summary judgment motion.

whether Exemption 2 applies. *See Judicial Watch, Inc. v. United States Dep't of Transp.*, No. 02-566, 2005 WL 1606915, at *9 (D.D.C. July 7, 2005) (only upon showing that records "were created in furtherance of work assigned to FAA contractors and are used internally by FAA" were locations of warehouses where explosive detection systems are stored deemed exempt under Exemption 2); *Living Rivers, Inc. v. United States Bureau of Reclamation*, 272 F. Supp. 2d 1313, 1318 (D. Utah 2003) (holding that inundation maps for areas below Hoover and Glen Canyon Dams do not fall under Exemption 2 because "maps neither provide instructions nor contain rules or practices for [Bureau] personnel").

Even if defendant had established that the blueprints meet the "predominant internality" test, it is not clear on this record that the agency's decision to withhold all the blueprints under Exemption 2 is proper. For example, the declarant explains the need for the physical security of "critical infrastructure," such as water treatment plants and power transfer stations located in BARC buildings, cannabis and coca plants used in research programs, and certain computer equipment. *See* Thessen Decl. ¶¶ 4, 7- 8. The supporting declarations, however, do not make entirely clear which agency statutes or regulations are at risk of circumvention if the blueprints were released. In another example, the declarant explains that there are "Select Agents" and other potentially hazardous substances, including radiological materials, pesticides, insecticides and pathogens, on the BARC premises that by regulation must be registered, licensed, or handled specially. *See id.* ¶¶ 4-7. Notwithstanding the reasonable desire to prevent unauthorized access to or theft of these substances, defendant does not articulate clearly the connection between release of the blueprints and the particular statutes or regulations at risk of circumvention. In short, defendants do not establish that the blueprints at issue qualify as "high 2" exempt material.

For these reasons, the Court will grant defendant's summary judgment motion in part, in that the agency conducted an adequate and reasonable search for records responsive to plaintiff's FOIA request. Insofar as defendant moved for summary judgment on the ground that plaintiff had not exhausted his administrative remedies, the motion will be denied. In all other respects, the motion is denied without prejudice, so that defendant may file a renewed motion with respect to its decision to withhold the blueprints under Exemption 2. An Order consistent with this Memorandum Opinion will be issued separately.

/s/
JOHN D. BATES
United States District Judge

Date:  May 1, 2007