UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DAMON ELLIOTT,** | ) |
| | ) |
| Plaintiff, | )   Civil Action No. 06-0240 (JDB) |
| | ) |
| v. | ) |
| | ) |
| **UNITED STATES DEPARTMENT OF AGRICULTURE,** | ) |
| | ) |
| Defendant. | ) |
| | ) |

**DEFENDANT'S
RENEWED MOTION FOR SUMMARY JUDGMENT**

Defendant, the United States Department of Agriculture ("Agency"), pursuant to Fed. R. Civ. P. 56, renews its motion for summary judgment because there are no material facts in dispute in this action under the Freedom of Information Act, 5 U.S.C. § 552, as amended, and defendant is entitled to judgment as a matter of law. In support of this motion, defendant respectfully refers the Court to the attached Memorandum of Points and Authorities. Pursuant to Local Rule 7(h), defendant also attaches hereto defendant's statement of material facts as to which there is no genuine issue and a proposed Order.

Plaintiff should take notice that any factual assertions contained in the accompanying affidavit and other attachments in support of defendant's motion will be accepted by the Court as true unless the plaintiff submits his own affidavit or other documentary evidence contradicting the assertions in defendant's attachments. See Neal v. Kelly, 963 F.2d 453 (D.C. Cir. 1992), Local Rule 7.1 and Fed. R. Civ. P. 56(e), which provides as follows:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e).

Respectfully submitted,

  /s/
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

  /s/
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

  /s/
CHARLOTTE A. ABEL, D.C. Bar # 388582
Assistant United States Attorney

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAMON ELLIOTT, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES DEPARTMENT )<br>OF AGRICULTURE, )<br>)<br>    Defendant. )<br>) | Civil Action No. 06-0240 (JDB) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
THE DEPARTMENT OF AGRICULTURE'S RENEWED MOTION FOR
SUMMARY JUDGMENT**

**Introduction**

This case arises under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Privacy Act ("PA"), 5 U.S.C. § 552a, and pertains to the processing of Plaintiff's FOIA request by the United States Department of Agriculture ("USDA"). The attached declarations of Stasia Hutchison, FOIA and Privacy Act Officer in the Agriculture Research Service ("ARS"), USDA and Daniel L. Thessen, Physical Security Officer, Beltsville Area, Agriculture Research Service, USDA, describe the responses to Plaintiff's FOIA request. Defendant incorporates by references its exhibits attached to Defendant's original motion for summary judgment found on the electronic docket at Dk. # 15.

**Factual Background**

Plaintiff, a *pro se* prisoner, seeks the release of blueprints of all buildings located at the Beltsville Agricultural Research Service. The defendant has withheld the blueprints from release

to the plaintiff under Exemption 2. The factual background is set forth in greater detail in defendant's original motion for summary judgment filed on 27, 2006. Defendant will not repeat it here but incorporates it by reference. Defendant also incorporates by reference all of the previously-filed declarations.

## Procedural Background

Plaintiff filed the instant lawsuit on February 10, 2006. The parties then filed cross motions for summary judgment. The Court denied the plaintiff's motion for summary judgment but granted the defendant's motion for summary judgment in part. The District Court declined to dismiss the case on the grounds of failure to exhaust but found that defendant's search for responsive documents were reasonable and adequate. Mem. Op. at 8, 11. The Court denied the motion without prejudice with regard to whether the Agency's decision to withhold the blueprints under Exemption 2 is justified.

The District Court considered the defendant's Exemption 2 arguments in its original motion. Mem. Op. at 8-10. The Court rejected the plaintiff's argument that Exemption 2 would only apply to trivial internal matters such as "pay, pensions, vacations, work hours and parking." Mem. Op. at 9. Instead, the Court pointed out that the D.C. Circuit's interpretation of "personnel rules and practices" is more expansive than that and "blueprints might fall within this expanded scope of Exemption 2..." However, the Court concluded that the government had failed to establish that the blueprints are used for predominantly internal purposes. Mem. Op. at 9. In addition, the District Court concluded that the government failed to justify the withholding of all the blueprints under Exemption 2. Mem. Op. at 10. The Court found that the government had failed to establish "which agency statute or regulations are at risk of circumvention if the blueprints were released." Id. The

Court stated:

> [t]he declarant explains the need for the physical security of "critical infrastructure," such as water treatment plants and power transfer stations located in BARC buildings, cannabis and coca plants used in research programs, and certain computer equipment. See Thessen Decl. ¶¶ 4, 7-8....[T]he declarant explains that there are "Select Agents" and other potentially hazardous substances, including radiological materials, pesticides, insecticides and pathogens, on the BARC premises that by regulation must be registered, licensed, or handled specially....Notwithstanding the reasonable desire to prevent unauthorized access to or theft of these substances, defendant does not articulate clearly the connection between release of the blueprints and the particular statutes or regulations at risk of circumvention. In short, defendants [sic] do not establish that the blueprints at issue qualify as "high 2" exempt material.

Defendant now renews its motion for summary judgment on this ground.

## ARGUMENT

### Defendant Is Entitled to Summary Judgment

**A.    Standard for Summary Judgment**.

FOIA cases are typically decided on motions for summary judgment. See Cappabianca v. Commissioner, United States Customers Serv., 847 F.Supp. 1558, 1562 (M.D. Fla. 1994) ("once documents in issue are properly identified, FOIA cases should be handled on motions for summary judgment") (citing Miscavige v. IRS, 2 F.3d 366, 368 (11th Cir. 1993)).[1] To be entitled to summary judgment, the agency must prove that each document was produced, not withheld, is unidentifiable, or is exempt from disclosure. Weisberg v. United States Dept. of Justice, 627 F.2d 365, 368 (D.C. Cir. 1980). To meet its burden, the defendant may rely on affidavits or declarations and other evidence by the agency which show that the documents are exempt from disclosure. Hayden v.

---

[1] For purposes of summary judgment, an agency's decision to withhold information from a FOIA requester is subject to de novo review by the courts. Hayden v. National Security Agency/Cent. Sec. Serv., 608 F.2d 1381, 1384 (D.C. Cir. 1979), cert. denied, 446 U.S. 937 (1980).

National Security Agency Cent. Sec. Serv., 608 F.2d 1381, 1384, 1386 (D.C. Cir. 1979), cert. denied, 446 U.S. 937 (1980); Church of Scientology v. United States Department of Army, 611 F.2d 738, 742 (9th Cir. 1980). Summary judgment may be granted solely on the basis of agency affidavits [or declarations] if they "contain reasonably detailed descriptions of the documents and allege facts sufficient to establish that the documents are within the FOIA exemption category; the district court need look no further." Citizens Commission on Human Rights v. FDA, 45 F.3d at 1329; Bowen v. FDA, 925 F.2d 1224, 1227 (9th Cir. 1991). See also Hayden, supra, 608 F.2d at 1387; Military Audit Project v. Casey, 656 F.2d 724, 738 (D.C. Cir. 1981).

These declarations or affidavits (singly or collectively) are often referred to as a Vaughn index, after the case of Vaughn v. Rosen, 484 F.2d 820 (D.C. Cir. 1973), cert. denied, 415 U.S. 977, 94 S.Ct. 1564 (1974).[2] There is no set formula for a Vaughn index. It is the content, not the form which is important. "The materials provided by the agency may take any form so long as they give the reviewing court a reasonable basis to evaluate the claim of privilege." Delaney, Midgail & Young, Chartered v. IRS, 826 F.2d 124, 128 (D.C. Cir. 1987). See also Keys v. United States Department of Justice, 830 F.2d 337, 349 (D.C. Cir. 1987); Hinton v. Department of Justice, 844 F.2d 126, 129 (3d Cir. 1988).[3] Here defendant's declarations were prepared by Stasia M. Hutchison

---

[2] "A Vaughn index must: (1) identify each document withheld; (2) state the statutory exemption claimed; and (3) explain how disclosure would damage the interests protected by the claimed exemption." Citizens Commission on Human Rights v. FDA, 45 F.3d at 1326. "Of course the explanation of the exemption claim and the descriptions of withheld material need not be so detailed as to reveal that which the agency wishes to conceal, but they must be sufficiently specific to permit a reasoned judgment as to whether the material is actually exempt under FOIA." Founding Church of Scientology v. Bell, 603 F.2d 945, 949 (D.C. Cir. 1979).

[3] "All that is required, and that is the least that is required, is that the requester and the trial judge be able to derive from the index a clear explanation of why each document or portion of a document withheld is putatively exempt from disclosure." Id. "The degree of specificity of

Freedom of Information and Privacy Act Officer; Daniel Thessen, Physical Security Officer; Lisa Bynum, Realty Specialist; Arlin Taylor, Engineering Draftsman; and Claudette Joyner, Realty Specialist.

"Summary judgement is available to the defendant in a FOIA case, when the agency proves that it has fully discharged its obligations under FOIA." Miller v. United States Dept. of State, 779 F.2d 1378, 1382 (8th Cir. 1985.) Agencies establish that all of their obligations under the FOIA have been met through declarations and Vaughn indexes. Thus, when the pleadings, supplemented by affidavits or declarations, show no genuine issue as to any material fact and the defendant is entitled to judgment as a matter of law, summary judgment should be granted to the defendant. Perry v. Block, 684 F.2d 121 (D.C. Cir. 1982).

### B.   The USDA Has Justified its Invocation of Freedom of Information Act Exemption 2

Title 5, United States Code, Section 552 (b)(2) (hereinafter Exemption 2) exempts from mandatory disclosure records "related solely to the internal personnel rules and practices of an agency." 5 U.S.C. § 552(b)(2). Crooker v. Bureau of Alcohol, Tobacco and Firearms, 670 F.2d 1051, 1074 (D.C. Cir. 1981)(en banc). Exemption 2 applies primarily to two types of materials: (1) internal agency matters so routine or trivial that they could not be "subject to ... a genuine and significant public interest;" and (2) internal agency matters of some public interest "where disclosure may risk circumvention" of statutes or agency regulations. Schwaner v. Dep't of the Air Force, 898 F.2d 793, 794 (D.C. Cir. 1990); Treasury Employees Union v. United States Custom Service, 802

---

itemization, justification, and correlation required in a particular case will, however, depend on the nature of the document at issue and the particular exemption asserted." Information Acquisition Corp. v. Dept. of Justice, 444 F.Supp. 458, 462 (D.D.C. 1978).

F.2d 525, 528-30 (D.C. Cir. 1986); Crooker, 670 F.2d at 1073-74.  Depending upon the nature of the information, documents will fall within either the "high (b)(2) category" or the "low (b)(2) category."

"High (b)(2)" exempts from mandatory disclosure documents relating to more substantive internal matters.  See Schiller v. NLRB, 964 F.2d 1205, 1207 (D.C. Cir. 1992). Withholding is permitted in this category to the extent that disclosure would reveal techniques and procedures for law enforcement investigations or prosecutions, id., would disclose guidelines for law enforcement investigations, or would risk circumvention of an agency statute or impede the effectiveness of an agency's law enforcement activities.  See Crooker v. Bureau of Alcohol, Tobacco & Firearms, 670 F.2d 1051 (D.C. Cir. 1981) (en banc); Hardy v. ATF, 631 F.2d 653, 656 (9th Cir. 1980).

"High (b)(2)," information must satisfy a two-pronged test.  First, the information must be "predominately internal."  Second, the disclosure of the information must "significantly risk circumvention of agency regulations or statutes."  Crooker, 670 F.2d at 1074.  This analysis need not address the public interest which may exist in the disclosure of such information, since the public interest is legally irrelevant under the anti-circumvention aspect of Exemption 2[4].  Voinche v. FBI, 940 F. Supp. 323, 328 (D.D.C. 1996), aff'd per curiam, No. 96-5304 (D.C. Cir. June 19, 1997); Institute for Policy Studies v. Department of the Air Force, 676 F. Supp. 3, 5 (D.D.C. 1987).

Deference has been accorded law enforcement matters under Exemption 2.  Courts have interpreted this to apply to a wide range of information, including permitting the withholding of general guidelines for conducting investigations, PHE, Inc. v. Dept. of Justice, 983 F.2d 248, 251

---

[4] The public interest aspect is irrelevant in the Crooker analysis for the simple fact that a "FOIA disclosure should not 'benefit those attempting to violate the law and avoid detection.'" Voinche, 940 F.Supp. at 328 (quoting Crooker, 670 F.2d at 1053).

(D.C. Cir. 1993); guidelines for conducting post-investigation litigation, Schiller v. NLRB, 964 F.2d at 1207; a training manual with information pertaining to surveillance techniques, Crooker, 670 F.2d at 1073; criteria for prison gang member classification, Jimenez v. FBI, 938 F. Supp. 21, 27 (D.D.C. 1996); and DEA's drug violator codes, Albuquerque Publishing Co. v. Department of Justice, 726 F. Supp. 851, 854 (D.D.C. 1989).  Although the Department of Agriculture is not a law enforcement agency, the laws and regulations cited by the defendant below at risk of circumvention were implemented to protect against criminal and terrorist activity.

### 1) Predominantly Internal Purpose

The blueprints at issue in the instant case are used predominantly for purposes internal to the Agency.  Third Declaration of Arlin Taylor ¶ 2, 3, 4 & 5; Second Declaration of Lisa M. Bynum ¶ 3.  The blueprints are used for guidance in structural, mechanical, plumbing , and electrical work at the Agency.  3rd Declar. of Arlin Taylor ¶ 3.  They are also used in-house to add room numbers, description and square footage information to the database for buildings that have been newly constructed, rebuilt or renovated.  2nd Declar. of Lisa M. Bynum ¶ 3.  The blueprints are used internally when coordinating laboratory and office moves, to resolve discrepancies or identify a particular space, and making keys.  *Id*.  The blueprints have been provided to telephone contractors to place phone lines and new jacks.  The blueprints are used for internal security assessment upgrades and for use in approval of quarantine containment standards.  *Id*.  According to Ms. Bynum, there are a few instances where the Real Property Section has provided outsiders with building drawings in order to accomplish the business of the Agency.. This includes providing plans to architectural historians and cultural resources consultants to include with the Maryland Inventory of Historic Properties which is archived with the Maryland Historical Trust and serves as official

recordation of buildings to be demolished within an historic district at Beltsville Agricultural Research Center. Mr. Taylor, engineering draftsman of the Engineering and Construction Branch at the Agricultural Research Service, cannot recollect any person outside the agency using blueprints during his tenure with the agency since 2004. 3rd Declar. of Arlin Taylor ¶ 1 & 5.

### 2)   Risk of Circumvention

Exemption 2 may be applied to prevent potential circumvention through a "mosaic" approach-- information which would not by itself reveal sensitive law enforcement information can nonetheless be protected to prevent damage that could be caused by the assembly of different pieces of similar information by a requester. Dorsett v. United States Dep't of the Treasury, 307 F. Supp. 2d 28, 36 (D.D.C. 2004)(concluding that certain Secret Service information, the disclosure of which in isolation would be "relatively harmless," could "in the aggregate " benefit those attempting to violate the law); Coastal Delivery Corp., v. U.S. Customs Service, 272 F. Supp. 2d 958, 964-65 (C.D. Cal. 2003), reconsideration denied (release of seaport cargo inspection information in combination with other data could ultimately compromise sensitive security information and risk circumvention of law and agency regulations); Jan-Xin Zang v. FBI, 756 F. Supp. 705, 712 (W.D.N.Y 1991) (source symbol and administrative identifiers properly withheld; accumulation of data from the same source could lead to detection); cf. Ctr. For Nat'l Sec. Studies v. United States Dep't of Justice, 331 F. 3d 918, 928-29 (D.C. Cir. 2003).

Since the horrific events of September 11, 2001, and given the possibilities for further terrorist activity in their aftermath, all federal agencies are concerned with the need to protect critical systems facilities, stockpiles, and other assets (often referred to as "critical infrastructure") from security breaches and harm. See FOIA Post, "Executive Order on National Security Classification

Amended" (posted 4/11/03) (noting coverage of "information that reveals current vulnerabilities of systems, installations, infrastructures, or projects relating to national security," in new section 3.3.(b)(8)" of Executive Order 12, 958, as amended). Although the need to protect critical infrastructure is not an independent basis for exemption from disclosure under FOIA, as is demonstrated in more detail below, the agency is entitled to withhold the release of blueprints under Exemption 2, because the release of the blueprints, coupled with the release of other data from BARC, risks circumvention of the laws and regulations implemented to protect the critical infrastucture at BARC. Third Declaration of Daniel Thessen. The critical infrastructure at BARC in need of protection includes wastewater treatment plans, water distribution stations, power transfer stations, water and natural gas distribution stations and lines, biological agents, pathogens, toxins, cannabis, narcotics, chemicals, radioisotopes, computer network servers and routers. 3rd Declar. of Daniel Thessen ¶¶ 4, 5, 6, 7, 8 & 9. The laws and regulations that are likely to be circumvented in the event potential intruders at the BARC are provided with detailed information about the layout of that facility include the Homeland Security Presidential Directive-7; the Homeland Security Presidential Directive-9 "Defense of United States Agriculture and Food"; the Public Health Security and Bioterrorism Preparedness and Response Act of 2002 (Pub.L. 107-188); 42 C.F.R. Part 72; 7 C.F.R. Part 331; 9 C.F.R. Part 121; 21 U.S.C. § 821; the Federal Insecticide, Fungicide, and Rodenticide Act; the Resource Conservation and Recovery Act; the Occupational Safety and Health Act; 10 C.F.R. 20.1801; 10 C.F.R. 20.1802. First Declaration of Daniel Thessen; 3rd Declar. of Daniel Thessen ¶¶ 4, 5, 6, 7, 8, 10, 11.

In summary, general physical security and specific asset protection strategies prepared in accordance with the Department of Justice's report titled, "Vulnerability Assessment of Federal

Facilities" of June 28, 1995, such as perimeter security; entry security for access of people, packages, and mail into a building; interior security for prevention of criminal or terrorist activities inside the facility; and security planning, would be compromised if building blueprints were turned over to any outside party, or if these blueprints were coupled with other sensitive information relative to the facility. All of the assets noted in Mr. Thessen's declarations are located throughout BARC in several different locations, based on ongoing research needs and requirements. The specific locations where these assets are located are security sensitive to USDA and ARS and location confidentiality must be maintained at all times. As set out above, that location confidentiality would be compromised by release of BARC blueprints, either explicitly by those blueprints that show asset locations, or implicitly by use of the blueprints in combination with other information about the BARC facility. 3rd Declar. of Daniel Thessen ¶¶ 4, 5, 6, 7, 8, 9 & 10.

      **C.**    **Portions of Blueprints Cannot Meaningfully Be Segregated And Release of Portions Of Blueprints Would Lead to the Disclosure Of The Information Sought To Be Protected**

The FOIA requires that if a record contains information that is exempt from disclosure, any "reasonably segregable" information must be disclosed after deletion of the exempt information unless the non-exempt portions are "inextricably intertwined with exempt portions." 5 U.S.C. § 552(b); *Mead Data Cent., Inc. v. United States Dept. of the Air Force*, 566 F.2d 242, 260 (D.C. Cir. 1977). The Court of Appeals for the District of Columbia Circuit has held that a District Court considering a FOIA action has "an affirmative duty to consider the segregability issue *sua sponte*." *Trans-Pacific Policing Agreement v. United States Customs Service*, 177 F.3d 1022, 1028 (D.C. Cir. 1999).

In order to demonstrate that all reasonably segregable material has been released, the agency must provide a "detailed justification" rather than "conclusory statements". *Mead Data*, 566 F.2d at 261. The agency is not, however, required "to provide such a detailed justification" that the exempt material would effectively be disclosed. *Id.* All that is required is that the government show "with 'reasonable specificity'" why a document cannot be further segregated. *Armstrong v. Executive Office of the President*, 97 F.3d 575, 578-79 (D.C. Cir. 1996). Moreover, the agency is not required to "commit significant time and resources to the separation of disjointed words, phrases, or even sentences which taken separately or together have minimal or no information content." *Mead Data*, 566 F.2d at 261, n.55.

In this case, the third declaration of Mr. Thessen provides "detailed justification" for the exemption claimed. He explains how disclosure of the blueprints, alone or in combination with other sensitive information, could potentially lead to security breaches. Disclosure of even portions of the blueprints could potentially lead to security breaches. 3rd Declar. of Daniel L. Thessen ¶ 13. If a blueprint were released in redacted form, the redaction itself would identify a sensitive location, which is the very information the agency seeks to protect. Supp. Declar. of Daniel L. Thessen ¶ 3. Similarly, if defendant produced some blueprints, and not other blueprints, it would result in disclosure of the very information sought to be protected because the recipient of the blueprints would be able to identify which facilities are sensitive and which are not, and which facilities are more secure than others. *Id*; 3rd Declar. of Daniel Thessen ¶ 13.

## CONCLUSION

The defendant has demonstrated that the USDA properly responded to Plaintiff's FOIA request and that no information was improperly withheld. Accordingly, the Court should grant defendant's renewed motion for summary judgment.

Respectfully submitted,

/s/
JEFFREY A. TAYLOR, D.C. Bar # 498451058
United States Attorney

/s/
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

/s/
CHARLOTTE A. ABEL, D.C. Bar # 388582
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 307-2332

ALBERT T. BERRY
Senior Counsel
General Law Division
U.S. Department of Agriculture

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that service of the foregoing Defendant's Motion for Summary Judgment has been made by first-class mail delivery to:

> DAMON ELLIOTT
> R31034-037
> Coleman United States Penitentiary
> Federal Correctional Complex
> P.O. Box 1034
> Coleman, FL 33521-0879

on this ____ day of August 2007.

>  /s/
> CHARLOTTE A. ABEL
> Assistant United States Attorney

13